Mark Mausert
NV Bar No. 2398
Sean McDowell, Esq.
NV Bar No. 15962
729 Evans Avenue
Reno, NV 89512
(775) 786-5477
Fax (775) 786-9658
mark@markmausertlaw.com
sean@markmausertlaw.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF NEVADA**

KEVIN WOWO,

Plaintiff,

vs.

ITS LOGISTICS, LLC,

Defendant.

_______________________________________/

Case No.: 3:24-cv-00061-ART-CSD

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

COMES NOW plaintiff, through counsel, and hereby complains of defendant as follows:

Jurisdiction, Venue & Jury Demand

1. Plaintiff is a man of African-American descent, who was previously employed by defendant. Plaintiff was subject to harassment based on his race throughout almost the entirety of his tenure with defendant, as well as retaliatory hostility and/or retaliation. Plaintiff has obtained a Notice of Right to Sue from the Equal Employment Opportunity Commission, issued on December 27, 2023. A Copy of the Notice of Right to Sue accompanies this Complaint and Jury Demand and is incorporated herein. Plaintiff obtained this Notice of Right to Sue pursuant to exhausting administrative remedies, as required by law. This Complaint and Jury Demand is timely filed in accord therewith. Plaintiff hereby requests a jury trial re all

issues so triable.

2. Defendant ITS Logistics, LLC is a corporation, limited partnership, limited liability company, partnership, or some other legal entity which previously employed plaintiff in northern Nevada. At all times herein mentioned defendant had at least fifteen employees working at least twenty weeks per year. Defendant maintains and operates a sizeable physical facility or facilities in northern Nevada, i.e., in Washoe County, Nevada, at which all, or almost all, actions, statements and/or omissions herein alleged occurred.

3. This Court has subject matter jurisdiction per 28 U.S.C. 1343. The Court has subject matter jurisdiction because plaintiff is a man of African-American descent who is alleging he was subject to a racially hostile work environment in violation of 42 U.S.C. 2000e, et seq., and/or that he was subject to retaliation, as prohibited by Title 42.

4. This Court has venue re this action pursuant to 42 U.S.C. 2000e-5(f)(3) because all, or almost all of the actions, statements and omissions which form the basis for this lawsuit occurred in northern Nevada, i.e., in Washoe County, Nevada, in the geographical area of this judicial District. Further, plaintiff resides in this District and defendant maintains a place of business in this District, where at it regularly does a large amount of business.

First Cause of Action

(Racially Hostile Work Environment)

5. Plaintiff hereby incorporates the allegations of paragraphs 1 through 4, inclusive, as well as all other paragraphs herein, as though the same had been fully stated.

6. Plaintiff was employed by defendant from approximately March 7, 2017, until March 1, 2023, in the capacity of a Senior Leadership Associate. Throughout almost the entirety of his employment plaintiff was subjected to racial hostility which a reasonable man of African-American descent would have found to offensive because of race. Plaintiff did subjectively experience the work environment to be offensive because of race.

7. Plaintiff's work environment was rendered racially offensive based upon a repertoire

of conduct which included, but was not limited to the following: The routine and loud playing of offensive music, e.g., music which routinely referred to people of African-American descent as “niggas” or “niggers” and which depicted persons of African-American descent in demeaning and/or offensive roles and situations; other ITS Logistics employees openly singing along to various songs which were offensive, e.g., those employees would openly repeat racially offensive statements, including the words “nigga” and “nigger”; employees of Caucasian descent made racially offensive statements to plaintiff, e.g., they referred to water plaintiff had as “pruno” or “prison wine”; defendant singled out African-American employees for denial of raises; defendant’s manager ignored plaintiff’s complaint of racial harassment; plaintiff was falsely accused of time card fraud and this accusation was motivated by racial hostility and/or retaliatory animus created because plaintiff opposed racial harassment; plaintiff was falsely accused of discussing killings and prison and these accusations were motivated by racial hostility and/or retaliatory animus.

8. Offensive racist music was routinely and loudly played, for years, on a frequent basis in the work environment operated by defendant, in the presence, i.e., within easy earshot of many of defendant’s managers. Many of defendant’s manager were aware of the offensive racial character of this music, as well as the offensive sexual character of the music and were likewise aware that all employees possessed of the ability to hear were being routinely subject to offensive racial and sexual terminology and scenarios.

9. Defendant promised plaintiff, at the time plaintiff was hired, it would provide a workplace free of racial hostility. Notwithstanding being placed on daily notice by virtue of the frequent and loud playing of foul racial songs in the presence of many of its manager, defendant failed to enforce the policy against racial harassment it promised plaintiff it would enforce. That is, defendant failed to implement timely and/or adequate remedial measures to curtail the broadcasting of racially offensive songs.

10. Any diminution and/or deficiency in plaintiff’s work performance was directly and

proximately caused by the rampant racial hostility defendant allowed to exist in its work environment and defendant is therefore estopped by relying on such as a basis for justifying any discipline of plaintiff.

11. As a direct and proximate result of being subject to racial harassment, and a racially hostile work environment, plaintiff suffered emotional distress, loss of enjoyment of life, and feelings such as anger and depression. It has been necessary for plaintiff to incur costs and retain counsel in order to attempt to redress the violation of his federally protected right to a workplace free of racial hostility, as well as retaliation and discrimination.

Second Cause of Action

(Retaliation)

12. Plaintiff hereby incorporates the allegations of paragraphs 1 through 11, inclusive, as though the same were fully stated herein.

13. On or about March 1, 2023, as a result of the pervasive racial hostility to which plaintiff was subjected, for years, plaintiff resigned his employment with defendant. Plaintiff was constructively discharged. Constructive discharge is a form of recognized retaliation per Title VII of the 1964 Civil Rights Act.

14. Plaintiff's resignation/constructive discharge was reasonable under the circumstances, e.g., on a daily basis defendant allowed its ostensible, paper policy against racial harassment in the workplace to be implicitly repudiated via allowing loud and racially offensive music to be broadcast throughout its work environment - as well as permitting the other conduct alleged herein. Defendant also allowed employees to sing along with such music, e.g., to sing racially offensive terms such as "nigga". Defendant thereby imparted the implicit message, to the effect (1) its policy against racial harassment was pretextual; and (2) engaging in racially offensive conduct was permissible.

15. As a direct and proximate result, plaintiff was injured as described herein. Further, plaintiff sustained economic damages.

16. It has been necessary for plaintiff to incur costs and to retain counsel in order to attempt to vindicate his federally protected right to be free of retaliation/constructive discharge.

WHEREFORE, plaintiff request the following relief:

1. For an award of compensatory damages;

2. For an award of punitive damages sufficient to punish and deter defendant from engaging in similar conduct;

3. For an award of special or actual economic damages, according to proof;

4. For an award of costs and a reasonable attorney's fee; and

5. For injunctive relief to compel defendant to adopt and actually enforce a reasonable policy against racial harassment and/or retaliation, and for whatever other relief the Court or jury may deem just.

DATED this 11th day of March, 2024.

*<u>/s/ Mark Mausert</u>*
Mark Mausert
Sean McDowell
729 Evans Avenue
Reno, Nevada 89512

*Attorneys for Plaintiff*

**INDEX OF EXHIBITS**

December 27, 2023 Issued Notice of Right to Sue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 1

**CERTIFICATE OF SERVICE**

I hereby certify, under penalty of perjury that I am an employee of Mark Mausert Law Office; I am over the age of eighteen (18) years; I am not a party to, nor hold an interest in this action; and on the date set below, I sent via electronic service and, a true and correct copy of, **PLAINTIFF'S 1ST AMENDED COMPLAINT,** to the addressee(s) listed below:

Jonathan McGuire
Anthony Hall
Simons Hall Johnston PC
jmcguire@shjnevada.com
ahall@shjnevada.com

DATED this 11th day of March, 2024.

/s/ Brittaney Martin
Brittaney Martin
Employee of Mark Mausert &
Sean McDowell