UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN WOWO,<br><br>            Plaintiff,<br>  v.<br>ITS LOGISTICS, LLC,<br><br>            Defendant. | Case No. 3:24-cv-00061-ART-CSD<br><br>ORDER |

Before the Court are Defendant's motion to file exhibits in support of their motion for summary judgment under seal (ECF No. 32), and Plaintiff's unopposed motion to seal his opposition to Defendant's motion for summary judgment and the attached exhibit (ECF No. 40). For the reasons stated, the Court GRANTS Defendant's motion (ECF No. 32) and GRANTS IN PART AND DENIES IN PART Plaintiff's motion (ECF No. 40.)

**I.    Legal Standard**

There is a strong presumption in favor of public access to judicial filings and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "[T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana*, 447 at 1179 (9th Cir. 2006). A party seeking to overcome this presumption with regards to a dispositive pleading or attachment thereto must "'articulate[ ] compelling reasons supported by factual findings' … that outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" *Id.* at 1178-79 (quotations omitted). "'[C]ompelling' reasons sufficient to outweigh the public's

1  interest in disclosure and justify sealing court records exist when such 'court files
2  might have become a vehicle for improper purposes,' *Kamakana*, 447 F.3d at
3  1179 (citations omitted).

## II. Analysis

In Defendant's motion for leave to file exhibits in support of summary judgment under seal, ITS states that Exhibits 2-10 to their motion for summary judgment contain either the Sale and Purchase Agreement and Redemption Agreement, (the "agreements"), or email communications discussing or attaching said agreements. (ECF No. 32 at 2-3.) ITS states that these agreements contain information which could damage ITS from a competitive perspective were it to be publicly available. (*Id.* at 3-4.) ITS also argues that Exhibits 9 and 10 contain release agreements that should be treated as confidential settlement agreements. (*Id.* at 4-5.)

The Court finds that Defendant presents compelling reasons to file these exhibits under seal. The exhibits at issue contain information regarding the agreements, which contain details about ITS's shareholder interest, corporate structure, and share value. "Where the material includes information about proprietary business operations, a company's business model or agreements with clients, there are compelling reasons to seal the material because possible infringement of trade secrets outweighs the general public interest in understanding the judicial process." *Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-CV-01491-JCM, 2011 WL 1630338, at *6 (D. Nev. Apr. 29, 2011). Accordingly, the Court grants Defendant's motion to seal (ECF No. 32.)

Plaintiff argues that he inadvertently included information regarding the same agreements in his opposition and the attached exhibit, and that for the same reasons the Court should now seal this filing. (ECF No. 40.) Defendant does not oppose this motion. (ECF No. 41.) While the Court agrees with this rationale, the Court does not agree that Plaintiff's entire opposition need be sealed. "Any

request to seal must also be 'narrowly tailored' to remove from the public sphere only material that warrants secrecy." *Harper v. Nevada Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040–41 (D. Nev. 2021) (citations omitted). "To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents." *Id.* (citations omitted).

As such, the Court will order the Clerk to seal the prior filing and directs Plaintiff to re-file a redacted version of the opposition and exhibit currently filed as ECF No. 36.

### III. Conclusion

It is therefore ordered that Defendant's motion to file exhibits in support of their motion for summary judgment under seal (ECF No. 32) is GRANTED. The documents filed under seal at [34] shall remain under seal.

It is also ordered that Plaintiff's unopposed motion to seal his opposition and the attached exhibit (ECF No. 40) is GRANTED IN PART and DENIED IN PART.

The Clerk of the Court shall SEAL Plaintiff's opposition and the attached exhibit (ECF No. 36.)

It is further ordered that Plaintiff REFILE A REDACTED VERSION of his opposition and the attached exhibit in accordance with the qualified protective order (ECF No. 29) by October 9, 2024.

Dated this 25th day of September, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE