1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN WOWO, | Case No. 3:24-CV-00061-ART-CSD |
| Plaintiff, | ORDER ON DEFENDANT'S MOTIONS TO DISMISS AND MOTION FOR SUMMARY JUDGMENT |
| v. | (ECF Nos. 15, 17, 35) |
| ITS LOGISTICS, LLC, | |
| Defendant. | |

10    Plaintiff Kevin Wowo brings this action against his former employer, ITS
11 Logistics, alleging hostile work environment and retaliation claims under Title
12 VII. Before the Court are Defendant's partial motions to dismiss Plaintiff's
13 retaliation claim (ECF Nos. 15[1], 17) and Defendant's motion for summary
14 judgment on all claims due to alleged waiver of Title VII rights (ECF No. 35).

15    For the reasons addressed below, the Court grants Defendant's motion to
16 dismiss Plaintiff's retaliation claim with leave to amend the complaint within 30
17 days of this order. The Court denies Defendant's motion for summary judgment
18 without prejudice and with leave to refile after Plaintiff has filed an amended
19 complaint.

20    **I.    BACKGROUND**

21    Plaintiff alleges the following facts which are taken as true for the purposes
22 of this motion: Plaintiff, an African-American man, was employed by Defendant
23 ITS Logistics as a Senior Leadership Associate from approximately March 2017
24 until March 2023. (ECF No. 9 at 2.)  Plaintiff alleges the following conduct
25 occurred in his workplace:  Loud music was routinely played within the earshot

26
27 ──────────────
[1] Defendant filed their first motion to dismiss (ECF No. 15) before Plaintiff filed
28 their first amended complaint, after which Defendant refiled the motion (ECF No.
17). The Court therefore denies the first motion to dismiss (ECF No. 15) as moot.

1

of managers which referred to people of African-American descent as "niggas" or "niggers" and "depicted African-American persons in "demeaning and/or offensive roles and situations"; other employees sang along to this offensive music and repeated the words "nigga" and "nigger"; White employees referred to Plaintiff's water as "pruno" or "prison wine"; and Defendant denied raises to African-American employees. (*Id.* at 3.) Plaintiff asserts that in permitting this conduct, ITS failed to enforce its own policy against racial harassment, provided to Plaintiff upon being hired. (*Id.*)

Plaintiff also alleges that Defendant "ignored Plaintiff's complaint about racial harassment." (*Id.*) In retaliation for his opposition to racial harassment and/or due to racial animus, Plaintiff was falsely accused of time card fraud and of discussing killings and prison. (*Id.*)

On or about March 1, 2023, Plaintiff resigned from his position at ITS. (*Id.* at 4.) Plaintiff alleges that he resigned due to the conduct described above, and Defendant failing on a daily basis to enforce its policy against racial harassment. (*Id.*)

## II.    DEFENDANT'S PARTIAL MOTION TO DISMISS

Defendant's motion to dismiss (ECF No. 17) argues that Plaintiff's retaliation claim should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

### A. LEGAL STANDARD

#### 1. Motion to Dismiss

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the

elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Under this standard, a district court must accept as true all well-pleaded factual allegations in the complaint and determine whether those factual allegations state a plausible claim for relief. *Id.* at 678-79.

### 2. Title VII Retaliation

To successfully plead a prima facie case of retaliation under Title VII, a plaintiff must show that (1) they engaged in protected activity, (2), they suffered an adverse employment action, and (3) there is a causal link between said protected activity and the adverse action. *Poland v. Chertoff*, 494 F.3d 1174, 1179-80 (9th Cir. 2007); *see also Munoz v. McDonough*, No. 221CV00430APGEJY, 2021 WL 9220191, at *3 (D. Nev. June 28, 2021), *report and recommendation adopted*, No. 221CV00430APGEJY, 2021 WL 9220184 (D. Nev. July 23, 2021). Constructive discharge can serve as an adverse employment action for the purposes of a retaliation claim under Title VII. *Mosakowski v. PSS World Med., Inc.*, 329 F. Supp. 2d 1112, 1126 (D. Ariz. 2003) (citing *Jordan v. Clark*, 847 F.2d 1368, 1377 (9th Cir. 1988)).

### B. ANALYSIS

Defendant argues that Plaintiff has failed to state a claim for retaliation because (1) he failed to plead with specificity what his protected activity was, (2) he failed to plead facts which could serve as a basis for constructive discharge (the "adverse action") and pleads no other adverse actions, and (3) he failed to adequately allege causation because he fails to temporally or otherwise connect his constructive discharge to his protected activity.

Plaintiff argues in response that a constructive discharge claim is different

than a "classic" retaliation claim, and therefore Plaintiff need not plead protected activity or causation. This is incorrect. As discussed above, constructive discharge may serve to meet the element of an "adverse employment action" for a retaliation claim, but constructive discharge alone does not create a claim for retaliation under Title VII. To plead a retaliation claim on the basis of constructive discharge, a plaintiff still must plead all three elements of Title VII retaliation, with constructive discharge serving as the adverse employment action. *See Munoz,* 2021 WL 9220191, at *3; *Mosakowski*, 329 F. Supp. 2d at 1126 (citing *Jordan*, 847 F.2d at 1377).

### 1. Protected Activity

"An employee has engaged in a protected act if he 'has opposed any practice made an unlawful employment practice by this subchapter; or has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.'" *Brophy v. Day & Zimmerman Hawthorne Corp.*, 799 F. Supp. 2d 1185, 1199 (D. Nev. 2011) (quoting 42 U.S.C. § 2000e–3(a)). A formal or informal complaint of discrimination by an employee constitutes protected activity when a reasonable person would believe that the conduct complained of violates Title VII. *Jernigan v. Alderwoods Group, Inc.*, 489 F. Supp. 2d 1180, 1200 (D. Or. 2007) (citing *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000)); *Equal Empl. Opportunity Comm'n v. Tesla, Inc.*, 727 F. Supp. 3d 875, 893-94 (N.D. Cal. 2024) (citing *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 963-64 (9th Cir. 2009)).

The only mentions of protected activity in Plaintiff's complaint are that plaintiff "opposed racial harassment," and that "Defendant's manager ignored plaintiff's complaint of racial harassment." (ECF No. 9 at 3.) Plaintiff does not plead when, how, or to whom he opposed or complained of racial harassment or what exactly was opposed or complained of. Plaintiff has therefore not plead sufficient facts from which a reasonable factfinder could infer that Plaintiff

engaged in protected activity under Title VII. *See Munoz,* 2021 WL 9220191, at *3 (plaintiff failed to allege protected activity where he merely stated that he "stood against discriminatory practices"); *Lee v. Foothill-De Anza Community College Dist.*, 733 F. Supp. 3d 815, 830 (N.D. Cal. 2024) (plaintiff failed to sufficiently allege retaliation claim where it was not clear what allegedly unlawful practice she complained about).

### 2. Adverse Employment Action: Constructive Discharge

To show constructive discharge, a plaintiff must show "working conditions so intolerable that a reasonable person would have felt compelled to resign." *Penn State Police v. Suders*, 542 US 129, 147 (2004); *see also Munoz*, 2021 WL 9220191, at *3 (citing *Green v. Brennan*, 578 U.S. 547 (2016)). There is a high bar for constructive discharge claims, "because federal antidiscrimination policies are better served when the employee and employer attack discrimination within their existing employment relationship, rather than when the employee walks away and then later litigates whether his employment situation was intolerable." *Poland*, 494 F.3d at 1184. To that end, an employee who resigns without providing their employer a chance to remedy the problem has not been constructively discharged. *Id.* at 1185.

### a. Pleading Standard for Constructive Discharge

Defendant first argues that Plaintiff cannot rely on the same facts to allege both constructive discharge and hostile work environment because of the heightened standard for constructive discharge claims, citing *U.S. E.E.O.C. v. Wedco, Inc.*, 65 F. Supp. 3d 993 (D. Nev. 2014). Defendant is incorrect. "Creation of a hostile work environment is a necessary *predicate* to a hostile-environment constructive discharge case." *Suders*, 542 U.S. at 149 (emphasis added). There is no requirement that a plaintiff must plead additional *evidence* to plead a claim for constructive discharge. Rather, the case law cited by Defendant recognizes that where a plaintiff has failed to plead a hostile work environment claim, they

have necessarily failed to plead a constructive discharge claim because of the heightened standard for constructive discharge. *See Mayorga v. Diet Ctr. LLC*, No. 23-15807, 2024 WL 1574362, at *2 (9th Cir. Apr. 11, 2024) (because plaintiff had failed to allege a hostile work environment claim, plaintiff could necessarily not establish the higher burden of a constructive discharge claim); *Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000) ("Where a plaintiff fails to demonstrate the severe or pervasive harassment necessary to support a hostile work environment claim, it will be impossible for her to meet the higher standard of constructive discharge.").

In the present action, Defendant's motion does not challenge the adequacy of Plaintiff's hostile work environment claim. Thus, the Court analyzes only the claim for constructive discharge, and Plaintiff may rely on the same facts for both claims.

### b. Period of Alleged Hostile Work Environment

Next, Defendant argues that the lengthy period of time that Plaintiff endured the alleged racially hostile environment prevents him from stating a claim for constructive discharge because it determinatively shows that the environment was neither extraordinary nor egregious. Defendant cites no authority which supports the contention that a Plaintiff who alleges enduring a long period of discriminatory hostility inherently fails to show that the environment was egregious enough to meet the standard for constructive discharge. Rather, case law indicates that courts have "upheld factual findings of constructive discharge when the plaintiff was subjected to incidents of differential treatment over a period of months or years." *Watson v. Nationwide Ins. Co.*, 823 F.2d 360, 361 (9th Cir. 1987) (collecting cases); *see also Ramirez v. Olympic Health Mgt. Sys., Inc.*, 610 F. Supp. 2d 1266, 1279 (E.D. Wash. 2009), *amended on other grounds on reconsideration*, No. CV-07-3044-EFS, 2009 WL 1456469 (E.D. Wash. May 22, 2009) ("The Ninth Circuit requires more - specifically,

1    "aggravating factors" that demonstrate a continuous pattern of discriminatory

2    treatment over *months or years*.") (emphasis added) (quoting *Watson*, 823 F.2d at

3    361).

4         Construing the complaint in the light most favorable to Plaintiff, Mr. Wowo

5    says that he was subjected, for years, to music which portrayed African-American

6    people in an offensive way, that his co-workers sang along and said the words

7    "nigga" and "nigger," that other racially offensive comments were made to him,

8    that he was denied raises due to his race, and that he faced false accusations

9    due to his race and/or in retaliation for a complaint that he made about racial

10   harassment. "The determination whether conditions were so intolerable and

11   discriminatory as to justify a reasonable employee's decision to resign is normally

12   a factual question left to the trier of fact." *Watson,* 823 F.2d at 36; *see also Murray*

13   *v. Williams*, 46 F. Supp. 3d 1045, 1060-61 (D. Nev. 2014), *rev'd in part on other*

14   *grounds*, 670 Fed. Appx. 608 (9th Cir. 2016). Thus, whether the conduct Plaintiff

15   describes, combined, was "so intolerable that a reasonable person would have

16   felt compelled to resign" is an issue of fact not appropriate for resolution at this

17   stage. *Suders*, 542 U.S. at 147.

18                        **c. Requirement to Notify Employer**

19        Defendant then argues that the Plaintiff fails to allege that he made ITS

20   aware of the alleged racial hostilities. Under *Poland v. Chertoff*, 494 F.3d 1174,

21   1184-85 (9th Cir. 2007), "'[a]n employee who quits without giving his employer a

22   reasonable chance to work out a problem has not been constructively

23   discharged.'" (quoting *Tidwell v. Meyer's Bakeries, Inc.*, 93 F.3d 490, 494 (8th

24   Cir.1996)). Defendant states that "Wowo also does not allege that at any point in

25   time he made ITS aware of his complaints." (ECF No. 17 at 9.) However, Plaintiff's

26   complaint did allege that "Defendant's manager ignored plaintiff's complaint of

27   racial harassment." (ECF No. 9 at 3.)

28        Defendant's citation to *Wedco* does not persuade the Court on this matter.

7

65 F. Supp. 3d at 1007. In *Wedco*, the Court assessed a constructive discharge claim at the summary judgment stage and found there was no dispute of fact that Plaintiff had not complained to his employer that he believed the behavior at issue was racial harassment. *Id.* In considering the present motion to dismiss, the Court considers only Plaintiff's well-plead allegations, which include that Plaintiff made a complaint of racial harassment to his supervisor, which was ignored. This is sufficient, at the pleading stage, to satisfy the requirement of employer notice for constructive discharge under *Poland*.

### d. Incorporation by Reference of Resignation Email

Finally, Defendant argues that the Court should consider Plaintiff's resignation email with their motion, which they argue "provides an explanation for why he resigned, which is wholly inconsistent with Wowo's claims in his Complaint." (ECF No. 17 at 8.)

The incorporation by reference doctrine permits a court to "consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2005). The Court agrees with Plaintiff that this document cannot be incorporated by reference without turning the instant motion into a motion for summary judgment at this stage. The complaint does not explicitly refer to the resignation email, nor do Plaintiff's claims rely upon the existence or contents of the email. Rather, the document merely creates a defense to the allegations in the complaint. *See Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 1002 (9th Cir. 2018) ("[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims.").

Thus, incorporation by reference is not appropriate. However, even if the Court did consider Mr. Wowo's resignation letter, the language of the letter does not wholly dispute Mr. Wowo's claims, and in fact may support them. The letter, if anything, would create only a genuine dispute of material fact inappropriate for resolution at this stage.

### 3. Causal Link

In order to establish a retaliation claim under title VII, a plaintiff must prove "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338, 360 (2013). "Causation 'may be inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision.'" *Davenport v. Bd. of Trustees of State Ctr. Community College Dist.*, 654 F. Supp. 2d 1073, 1094 (E.D. Cal. 2009) (quoting *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987)).

At the pleading stage, a plaintiff "'may allege direct or circumstantial evidence from which causation can be inferred, such as an employer's pattern of antagonism following the protected conduct, or the temporal proximity of the protected activity and the occurrence of the adverse action.'" *Tesla*, 727 F. Supp. 3d at 894 (quoting *Cloud v. Brennan*, 436 F. Supp. 3d 1290, 1301 (N.D. Cal. 2020)) (internal quotation marks omitted). Here, Plaintiff plead no facts regarding when, to whom, or how he complained about the alleged racial harassment. Plaintiff states only that he "opposed racial harassment," and that "[d]efendant's manager ignored plaintiff's complaint of racial harassment." (ECF No. 9 at 3.) Therefore, Plaintiff has failed to allege any facts from which causation could be inferred. *See Lee*, 733 F. Supp. 3d at 830 (plaintiff failed to sufficiently allege causation where so little details about employee's complaints were alleged that

court could not evaluate potential causal connection).

Because Plaintiff has failed to plead facts sufficient to establish the protected activity and causation elements of a retaliation claim under Title VII, the Court grants Defendant's motion to dismiss Plaintiff's retaliation claim.

### 4. Leave to Amend

Dismissal of a complaint without leave to amend is proper only if amendment would be futile. *Borenstein v. Animal Found.*, 526 F. Supp. 3d 820, 839 n.3 (D. Nev. 2021) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)). The Court finds that the deficiencies in Plaintiff's complaint could possibly be cured by pleading additional facts. Therefore, the Court will dismiss Plaintiff's complaint with leave to amend. Plaintiff shall have 30 days from the date of this order to file an amended complaint.

### III.    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant filed a motion for summary judgment arguing that both of Plaintiff's claims are barred because prior to filing this suit, Plaintiff waived his Title VII rights by signing a release of all claims against Defendant. (ECF No. 35.) Because the Court grants Defendant's motion to dismiss Plaintiff's retaliation claim and grants Plaintiff leave to file an amended complaint, the Court will deny without prejudice Defendant's motion for summary judgment. Defendant is granted leave to refile the motion for summary judgment after Plaintiff has filed an amended complaint or the time to do so has expired, so that the motion for summary judgment addresses the operative complaint in this action.

### IV.    CONCLUSION

It is therefore ordered that Defendant's second partial motion to dismiss Plaintiff's first amended complaint (ECF No. 17) is GRANTED. Count II of Plaintiff's first amended complaint for retaliation under Title VII is DISMISSED without prejudice and with leave to amend.

It is further ordered that Plaintiff shall have 30 days from the date of his

order to file an amended complaint.

It is further ordered that Defendant's first partial motion to dismiss Plaintiff's first amended complaint (ECF No. 15) is DENIED AS MOOT.

It is further ordered that Defendant's motion for summary judgment (ECF 35) is DENIED without prejudice and with leave to refile after Plaintiff has filed an amended complaint or the time to do so has expired.

Dated this 23rd day of January, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE